JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1411 JGB (SHKx)** | Date | April 23, 2026 |
|---|---|---|---|
| Title | ***In the Matter of William U. McClamary, II v. D&L Real Estate Enterprises, LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 29); (2) DENYING AS MOOT Plaintiff's Ex Parte Application (Dkt. No. 34); and (3) VACATING the April 27, 2026 Hearing (IN CHAMBERS)**

Before the Court is plaintiff William McGlamary, II's motion to remand. ("Motion," Dkt. No. 29.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **VACATES** the April 27, 2026 hearing.

## I.   BACKGROUND

On May 9, 2025, plaintiff William McGlamary, II ("Plaintiff") filed an action, case number CVPS2502958, against defendants D&L Real Estate Enterprises, LLC ("D&L") and Danlon, Inc. ("Danlon") (collectively, "Defendants") in California Superior Court, County of Riverside. ("Complaint," Dkt. No. 1-2.) Plaintiff sought state court recognition of a tribal court judgement by the Agua Caliente Band of Cahuilla Indians Tribal Court and for the issuance of a writ of possession. (Id. at 1-2.) On June 6, 2025, Defendants removed the action to this Court pursuant to federal question jurisdiction. ("Notice of Removal," Dkt. No. 1.) On March 10, 2026, Plaintiff filed the Motion. (Motion.) On April 3, 2026, Defendants opposed the Motion. (Dkt. No. 30.) That same day, Defendants filed a notice of errata as to the Opposition and filed a corrected opposition. (Dkt. No. 31; "Opposition," Dkt. No. 31-1.) On April 13, 2026, Plaintiff filed a reply in support of the Motion. (Dkt. No. 32.) On April 13, 2026, Defendants filed an opposition to Plaintiff's ex parte application for leave to file an oversized brief. (Dkt. No. 33.)

On April 14, 2026, Plaintiff filed an ex parte application for leave to file a substitute reply brief in order to file a reply brief that conforms with this Court's page limits. ("Ex Parte Application," Dkt. No. 34.) Plaintiff explained that the Ex Parte Application was required because he did not properly file the ex parte application for leave to file an oversized brief and only emailed it to the Court. (Id. at 2.) On April 15, 2026, Defendants opposed the Ex Parte Application. (Dkt. No. 35.) That same day, Plaintiff filed a notice of errata with a reply conforming to the Local Rules and this Court's standing orders.[1] (Dkt. No. 36; "Reply," Dkt. No. 36-1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Removal for federal-question jurisdiction under 28 U.S.C. § 1331 is governed by the "well-pleaded complaint rule" whereby a federal question exists only when "presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Alternatively, federal-question jurisdiction arises where the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 28 (1983).

## II. DISCUSSION

Plaintiff primarily argues that the Court lacks subject-matter jurisdiction over the action because no federal-question exists and Defendants failed to exhaust tribal remedies. (See Mot.) However, clear Ninth Circuit precedent establishes that an action to enforce a tribal court's default judgement "against a nonmember presents a substantial issue of federal law" sufficient for federal-question jurisdiction. Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1057 (9th Cir. 2019). Plaintiff primarily attempts to distinguish this case because he is an individual who seeks to enforce the tribal court judgement whereas the Coeur d'Alene Tribe sought to enforce its

---

[1] Because Plaintiff filed a reply brief compliant with the Local Rules and this Court's standing orders, the Court **DENIES** the Ex Parte Application **AS MOOT**.

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG

tribal court judgement in <u>Hawks</u>.[2] (Mot. at 6.)  However, the Ninth Circuit framed the key question as "whether a tribal court has adjudicative authority over nonmembers."  <u>Id.</u> at 1056 (citing <u>Plains Commerce Bank v. Long Family Land & Cattle Co.</u>, 554 U.S. 316, 324 (2008)).  The Ninth Circuit also clarified that federal question jurisdiction would have clearly arisen if the defendants, as here, had filed a claim in federal court "alleging the Tribal Court lacked jurisdiction."  <u>Id.</u>  Thus, Plaintiff's action raises a federal question sufficient to invoke this Court's jurisdiction.

Plaintiff also argues that tribal jurisdiction over eviction actions is well-settled under <u>Water Wheel Camp Recreational Area, Inc. v. LaRance</u>, 642 F.3d 802, 810 (9th Cir. 2011).  (Mot. at 6.)  However, the Ninth Circuit in <u>Water Wheel</u> never questioned its ability, or the district court's ability, to determine whether tribal jurisdiction is proper.  The Ninth Circuit explained in <u>Hawks</u> that determining tribal jurisdiction is not a "simple test" and "involves 'a complex patchwork of federal, state and tribal law, which is better explained by history than by logic.'"  <u>Hawks</u>, 933 F.3d at 1059–60 (9th Cir. 2019) (citing <u>Smith v. Salish Kootenai Coll.</u>, 434 F.3d 1127, 1130 (9th Cir. 2006)).

Finally, Plaintiff argues that Defendants failed to exhaust tribal remedies.  (Mot. at 4-5.)  Before a federal court can entertain a question of the tribal court's jurisdiction, the federal court must first require "[e]xhaustion of tribal court remedies."  <u>Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians</u>, 471 U.S. 845, 857 (1985).  The Ninth Circuit has recognized four exceptions to this requirement:

> (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the action is patently violative of express jurisdictional prohibitions; (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction; or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by <u>Montana</u>'s main rule.

<u>Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.</u>, 715 F.3d 1196, 1200 (9th Cir. 2013) (citing <u>Burlington N. R.R. Co. v. Red Wolf</u>, 196 F.3d 1059, 1065 (9th Cir.1999)).  However, the proper remedy for failing to exhaust tribal remedies is dismissal or staying of the federal case.  <u>Nat'l Farmers Union Ins. Companies</u>, 471 U.S. at 857 ("Whether the federal action should be dismissed, or merely held in abeyance pending the development of further Tribal Court proceedings, is a question that should be addressed in the first instance by the District Court.")  Plaintiff here merely seeks remand to the state court.  (Mot. at 9.)  As discussed above, the enforcement of a tribal judgement against a nonmember is a federal question suitable for removable.  Should Plaintiff seek to dismiss or stay his action, he may file the appropriate motion.

---

[2] Plaintiff claims that <u>Hawks</u> stands for the "general rule that a 'suit to domesticate a tribal judgment does not state a claim under federal law.'"  (Mot. at 6.)  However, the citation provided appears to correspond to the Ninth Circuit's discussion of opposing Eleventh Circuit precedent, which the Ninth Circuit does not follow.  <u>Coeur d'Alene Tribe v. Hawks</u>, 933 F.3d 1052, 1059 n.7 (9th Cir. 2019)

However, even assuming Defendants failed to exhaust tribal remedies, remand to state court is not the appropriate relief.  Accordingly, the Court **DENIES** the Motion.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.  The April 27, 2026 hearing is **VACATED**.  The stay in this case is **LIFTED**.

**IT IS SO ORDERED.**