UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1411 JGB (SHKx)** | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *In the Matter of William U. McClamary, II v. D&L Real Estate Enterprises, LLC, et al.* | | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING-IN-PART AND DENYING-IN-PART Plaintiff's Motion to Dismiss (Dkt. No. 38); (2) DENYING Defendants' Request for Sanctions (Dkt. No. 40); and (3) VACATING the June 8, 2026 Hearing (IN CHAMBERS)**

Before the Court is plaintiff William McGlamary, II's motion to dismiss or, in the alternative, to stay proceedings pending exhaustion of tribal remedies and motion to strike affirmative defenses. ("Motion," Dkt. No. 38.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS-IN-PART AND DENIES-IN-PART** the Motion and **VACATES** the June 8, 2026 hearing.

## I.   BACKGROUND

On May 9, 2025, plaintiff William McGlamary, II ("Plaintiff") filed an action, case number CVPS2502958, against defendants D&L Real Estate Enterprises, LLC ("D&L") and Danlon, Inc. ("Danlon") (collectively, "Defendants") in California Superior Court, County of Riverside. ("Complaint," Dkt. No. 1-2.) Plaintiff sought state court recognition of a tribal court judgement by the Agua Caliente Band of Cahuilla Indians Tribal Court and for the issuance of a writ of possession. (Id. at 1-2.) On June 6, 2025, Defendants removed the action to this Court pursuant to federal question jurisdiction. ("Notice of Removal," Dkt. No. 1.) On June 13, 2025, Defendants filed an answer and counterclaims. ("Answer," Dkt. No. 8.) Defendants allege: (1) wrongful eviction/attempted wrongful termination, (2) breach of contract, (3) breach of the

implied covenant of good faith and fair dealing, (4) tortious interference with contract and prospective economic advantage, (5) unfair business practices (Cal. Bus. & Prof. Code §§ 17200, et seq.), (6) private nuisance, (7) negligence, (8) trespass, (9) violation of federal Indian leasing statutes and regulation, (10) set off, and (11) declaratory and injunctive relief.  (Id.)  On March 10, 2026, Plaintiff filed a motion to remand.  ("Motion to Remand," Dkt. No. 29.)  On April 23, 2026, the Court denied the Motion to Remand.  ("Remand Order," Dkt. No. 37.)

On May 5, 2026, Plaintiff filed the Motion.  (Motion.)  That same day, Plaintiff filed a notice of errata.  (Dkt. No. 39.)  On May 18, 2026, Defendants filed an opposition to the Motion, which included a request for sanctions.  ("Opposition," Dkt. No. 40.)  That same day, Defendants filed a declaration of Luke Bickel in support of the Opposition ("Bickel Decl.," Dkt. No. 41) and a declaration of Lonnie Landers ("Landers Decl.," Dkt. No. 42.)  On May 26, 2026, Plaintiff filed a reply to the Opposition.  ("Reply," Dkt. No. 43.)  On May 29, 2026, Defendants filed an objection to the Reply.  ("Objection," Dkt. No. 45.)  On June 1, 2026, Plaintiff filed a response to the Objection.  ("Response," Dkt. No. 46.)

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"),[1] a party may bring a motion to dismiss for lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence."  Sierra v. Dep't. of Family and Children Servs., 2016 WL 3751954, at *3 (C.D. Cal. Feb. 26, 2016) (quoting Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)).  Thus, a jurisdictional challenge can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true.  Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009) (citing Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir.2005)).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone, 373 F.3d at 1039.  In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."  White, 227 F.3d at 1242.  "Where jurisdiction is intertwined with the merits, [the Court] must 'assume [] the truth of the

---

[1] All subsequent references to "Rule" refer to the Federal Rules of Civil Procedure, unless otherwise noted.

allegations in the complaint . . . unless controverted by undisputed facts in the record.'" Warren, 328 F.3d at 1139 (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

**B.    Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint— as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).  Courts also need not accept as true allegations that contradict facts which may be judicially noticed.  See Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

//
//
//
//

## C.    Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'"  Eminence Cap., L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

Removal jurisdiction is governed by statute.  See 28 U.S.C. § 1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Removal for federal-question jurisdiction under 28 U.S.C. § 1331 is governed by the "well-pleaded complaint rule" whereby a federal question exists only when "presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392  (1987).  Alternatively, federal-question jurisdiction arises where the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 28 (1983).

## D.    Rule 12(f)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Ninth Circuit has explained that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)).  Nevertheless, striking pleadings is an "extreme measure" that should be "viewed with disfavor and infrequently granted."  Fernandez v. CoreLogic Credco, LLC., 593 F. Supp. 3d 974, 994 (S.D. Cal. 2022)  (citing Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

//

## II.    DISCUSSION

Plaintiff moves to dismiss, or stay, Defendants' counterclaims due to Defendants' failure to exhaust tribal remedies.  (See Mot.)  Additionally, Plaintiff moves to dismiss Defendants' counterclaims for failure to state a claim and to strike Defendants' affirmative defenses.  (Id.) Defendants move for sanctions.  (Opp. at 23-25.)  The Court takes each request in turn.

### A.  Motion to Dismiss Counterclaims for Failure to Exhaust Tribal Remedies

Plaintiff argues that Defendants must exhaust tribal remedies before asserting their Counterclaims.  (Mot. at 2-3.)  Despite the previous entry of default judgement against Defendants, Plaintiff offers to stipulate to set aside the entry of default judgement in tribal court. (Id. at 2.)  Plaintiff's argument fails for three reasons.

First, Plaintiff makes no argument that the tribal court properly had jurisdiction over the instant case.  Wilson v. Marchington, 127 F.3d 805, 811 (9th Cir. 1997) (requiring that a tribal court have personal jurisdiction and subject-matter jurisdiction over a case for comity to apply). Second, Plaintiff filed the instant case and, once it was removed to federal court, Rule 13(a) required Defendants to state their counterclaim.  Third, exhaustion is complete.  "[P]roper respect for tribal legal institutions requires that they be given a 'full opportunity' to consider the issues before them and 'to rectify any errors.'"  Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16–17 (1987) (citing National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857 (1985)).  This means that "[a]t a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts."  Id. However, no appellate court exists over the Agua Caliente Band of Cahuilla Indians Tribal Court. (Opp. at 14.)  Furthermore, the 14-day deadline to request reconsideration of the tribal court's judgment has expired.[2]  (Id. at 15.)  Although Plaintiff offers to stipulate to set aside the entry of default judgement, such a stipulation has no bearing on any exhaustion requirement. Accordingly, the Court **DENIES** the motion to dismiss for failure to exhaust tribal remedies.

### B.  Motion to Dismiss for Failure to State A Claim

Plaintiff first argues that these claims should be dismissed because they should have been addressed in tribal court.  As discussed above, the Court finds that exhaustion is complete and that, as the Court ruled previously, the matter is properly in federal court.  (Remand Order at 2.) Next, Plaintiff challenges each counterclaim.

---

[2] The Court further notes that Defendants' counsel would likely not have been admitted to practice before the tribal court within the 14-day deadline.  (Opp. at 15 n.2.)  The Court also highlights that Plaintiff filed the instant case in state court prior to the expiration of the fourteen-day deadline.  (Opp. at 16.)  Thus, even had Defendants intended to file a motion for reconsideration, they likely would not have been able prior to the filing of the instant case.

As to Counterclaim One for Wrongful Eviction, Plaintiff argues that it is "inseparable from the Tribal Court proceedings" and that his litigation-related conduct is "privileged." (Mot. at 4.)  Counterclaim One does not challenge Plaintiff's litigation-related conduct and, as previously discussed, exhaustion is complete. (Answer at 24-29.)  As to Counterclaim Two for Breach of Contract, Plaintiff claims that Defendants do not identify a "specific contractual obligation and breach" and do "not plausibly allege compliance." (Mot. at 3.)  However, Defendants' counterclaim blatantly belies Plaintiff's argument. (See Answer at 29.33.)

As to Counterclaim Three for breach of the implied covenant of good faith and fair dealing, Plaintiff claims that it "duplicates the contract claim and attempts to impose obligations inconsistent with the least. (Mot. at 5.)  The sole case to which Plaintiff cites in support merely holds that: "The covenant . . . cannot 'be endowed with an existence independent of its contractual underpinnings.'" Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349 (2000).  Plaintiff provides no explanation for how Counterclaim Three is duplicative of Counterclaim Two or how it imposes obligations inconsistent with the underlying contract.

As to Counterclaim Four, Plaintiff argues that Defendants fail to "allege a valid expectancy, a compliant assignment request, or independently wrongful conduct." (Mot. at 5.)  The sole case to which Plaintiff cites in support held merely that "specific intent" is not an element of this tort. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1154 (2003).  The elements of this tort are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Id. at 1153.  Additionally, the party seeking to recover under this tort must prove that "the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'" Id. (citing Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995)).  The only element Plaintiff appears to challenge is that Defendants failed to allege "independently wrongful conduct."  In the absence of any argument by Defendants, the Court has reviewed Counterclaim Four and finds that Defendants claim that Plaintiff acted in violation of federal law. (Answer at 39.)  At this stage, the Court finds such allegations sufficient.

As to Counterclaim Five for unfair business practices, Plaintiff argues that this claim is derivative and "fails because the underlying claim fails." (Mot. at 5.)  Plaintiff further argues that Defendants can only claim equitable relief under the Unfair Competition Law ("UCL"). (Id.)  However, Plaintiff does not state which underlying claim he believes fails.  The sole case to which Plaintiff cites in support further explains that "unfair competition" is defined broadly to "include 'any unlawful, unfair or fraudulent business act or practice.'" Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (citing Cal. Bus. & Prof. Code § 17200)).  Thus, even if Plaintiff's "underlying claim" fails, it is not apparent that Counterclaim

---

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk mg

Five would also fail.  Finally, Defendants do request equitable relief in their Answer.  (Answer at 56.)

As to Counterclaim Six for nuisance, Plaintiff argues that a nuisance claim "requires control over the condition causing harm" and that Defendants "do not plausibly allege control, duty, or causation."  (Mot. at 5.)  The sole case to which Plaintiff cites discusses the requirements for a public nuisance claim.  (Id. (citing Melton v. Boustred, 183 Cal. App. 4th 521, 542 (2010)).  However, Defendants bring a claim for private nuisance.  Accordingly, the Court finds Plaintiff's argument unavailing.

As to Counterclaim Seven for negligence, Plaintiff argues that the economic loss rule "bars recovery for purely economic damages arising from contract."  (Mot. at 5.)  As the Ninth Circuit has explained:

> [U]nder the economic loss rule, tort recovery for breach of a contract duty is generally barred . . . unless two conditions are satisfied.  A plaintiff must first demonstrate the defendant's injury-causing conduct violated a duty that is independent of the duties and rights assumed by the parties when they entered the contract.  Second, the defendant's conduct must have caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed.

Rattagan v. Uber Techs., Inc., 17 Cal. 5th 1, 20–21 (2024).  Defendants allege that "Plaintiff owed Defendants a duty of care," which Plaintiff breached by operating a homeless shelter near Defendants' leased premises. (Answer at 47.)  The Court finds that Defendants allege that Plaintiff breached a duty distinct from a contractual duty such that the economic loss rule does not bar Counterclaim Seven.

As to Counterclaim Eight for trespass, Plaintiff argues that the claim must fail because Defendants failed to allege unauthorized physical entry.  (Mot. at 5-6.)   "The essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another.  Civic W. Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1 (1977).  Defendants make no allegation that Plaintiff committed any unauthorized entry.  Accordingly, the Court **DISMISSES** Counterclaim Eight.

As to Counterclaim Nine for violation of federal Indian leasing statutes and regulations, Plaintiff claims that Congress has not created any private right of action to enforce the relevant statutes and regulations.  (Mot. at 6.)  Defendants do not argue that 25 U.S.C. § 415 or the relevant regulations confer jurisdiction.  See Nahno-Lopez v. Houser, 627 F. Supp. 2d 1269, 1280 (W.D. Okla. 2009), aff'd, 625 F.3d 1279 (10th Cir. 2010).  Accordingly, the Court **DISMISSES** Counterclaim Nine.

As to Counterclaim Ten for set off, Plaintiff argues that set off is a remedy, not a cause of action.  (Mot. at 6.)  Plaintiff cites to no authority in support of his argument.  (Id.)  However, a set off may be allowed as a permissive counterclaim.  U. S. to Use of Stainless, Inc. v. P. J. Walker

Const. Co., 24 F.R.D. 136, 138 (S.D. Cal. 1959); see also Fraser v. Astra Steamship Corp., 18 F.R.D. 240, 242 (S.D.N.Y. 1955).

Finally, as to Counterclaim Eleven for declaratory or injunctive relief, Plaintiff argues that "[d]eclaratory relief requires a viable underlying claim." As discussed above, Defendants have multiple viable underlying claims.

Thus, the Court **DISMISSES** Counterclaims Eight and Nine. The Court otherwise **DENIES** the Motion as to the Counterclaims.

### C. Motion to Strike Affirmative Defenses

Plaintiff argues that Defendants' affirmative defenses as to alleged default, performance, and justification are based on unexhausted issues. (Mot. at 6-7.) As to those defenses that Plaintiff claims are based on unexhausted issues, the Court has already rejected such argument. As to non-cognizable defenses, Plaintiff points to set off and reservation of rights. (Mot. at 7.) However, the Ninth Circuit recognizes set off as an affirmative right. Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1398 (9th Cir. 1996); see also United States v. Kernen Constr., 349 F. Supp. 3d 988, 1000 (E.D. Cal. 2018) ("Recoupment and setoff are equitable defenses.") The Court agrees with Defendants that reservation of rights is part of "standard pleading practice." (Opp. at 23.) Finally, Plaintiff argues that several defenses are "conclusory and unsupported by facts." (Mot. at 7.) Plaintiff does not identify which defenses might be insufficiently pleaded. "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Particularly not where motions to strike should only be "infrequently granted." Fernandez, 593 F. Supp. 3d at 994 (S.D. Cal. 2022). Accordingly, the Court **DENIES** the Motion as to affirmative defenses.

### D. Request for Sanctions

Defendants request sanctions on account of Plaintiff's "series of procedural violations." The Court declines to do so at this time. The Court, however, takes seriously Defendants' allegations, to which Plaintiff did not offer a response, that Plaintiff failed to abide by L.R. 7-3. The Court admonishes Plaintiff's counsel to familiarize himself with the local rules (as well as this Court's standing order). The Court further advises Plaintiff's counsel that his briefing in this case does not meet the level expected in federal court. Accordingly, the Court **DENIES** the Motion for Sanctions.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion and **DENIES** Defendants' request for sanctions. The June 8, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**

---