UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-1411 JGB (SHKx)** | Date | September 24, 2026 |
| Title | ***In the Matter of William Ulysses McClamary, II*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion for Preliminary Injunction Requiring Payment of Delinquent Property Taxes (Dkt. No. 52); and (2) VACATING the September 28, 2026 Hearing (IN CHAMBERS)**

Before the Court is a motion for preliminary injunction requiring the payment of delinquent taxes filed by Plaintiff William Ulysses McGlamary, II ("Plaintiff"). ("Motion," Dkt. No. 52.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **DENIES** the Motion. The Court **VACATES** the hearing set for September 28, 2026.

## I. BACKGROUND

On April 28, 2025, the Agua Caliente Band of Cahuilla Indians Tribal Court ("Tribal Court") issued an unlawful detainer judgment in favor of Plaintiff and against D&L Real Estate Enterprises, LLC ("D&L") and Danlon, Inc. ("Danlon") (collectively, "Defendants"). (Dkt. No. 1-2 at 6.) The Tribal Court found:

1. The Defendants are guilty of Unlawful Detainer in violation of the Agua Caliente Band of Cahuilla Indians Tribal Code Sec. 11.04.070(a)(2) by continuing possession of the real property located at 424 South Indian Canyon Drive, Palm Springs, California after default in the payment of rent pursuant to the lease under which the detained premises are held and failure to pay the said rent demanded after three days' notice was properly served.

2. The Defendants are guilty of Unlawful Detainer in violation of the Agua Caliente Band of Cahuilla Indians Tribal Code Sec. 11.04.070(a)(3) by continuing in possession of the real property located at 424 South Indian Canyon Drive, Palm Springs, California after neglect or failure to perform conditions or covenants of the lease under which the demised premises are held, specifically:

   a) Failure to post $100,000 bond as demanded by the BIA on April 15, 2022;
   b) Failure to give notice to Lessors of assignment and subleasing; and
   c) Failure to pay property taxes as they came due.

(Dkt. No. 1-2 at 8.)

On May 9, 2025, Plaintiff filed an action against Defendants in California Superior Court, County of Riverside, seeking enforcement of the Tribal Court's judgment. (Dkt. No. 1-2.) Specifically, Plaintiff requested: (1) an unlawful detainer judgment to be entered in favor of Plaintiff and against Defendants; (2) a declaration that Plaintiff is entitled to possession of the premises located at 424 South Indian Canyon Drive, Palm Springs, California; and (3) a writ of possession. (Dkt. No. 1-2 at 3.)

On June 6, 2025, Defendants removed the action to this Court, claiming that "[t]he attempt by Plaintiff to obtain state court recognition and enforcement of a[] . . . Tribal Court judgment for unlawful detainer against a non-Native American lessee of a Bureau of Indian Affairs ("BIA") leased allotment land squarely raises a federal question. . . ." (Dkt. No. 1 at 2–3.)

On June 13, 2025, Defendants brought counterclaims for: (1) wrongful eviction/attempted wrongful termination, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) tortious interference with contract and prospective economic advantage, (5) unfair business practices, (6) private nuisance, (7) negligence, (8) trespass, (9) violation of federal Indian leasing statutes and regulation, (10) set off, and (11) declaratory and injunctive relief. ("Counterclaims," Dkt. No. 8.) On June 5, 2026, the Court dismissed Defendants' eighth counterclaim for trespass and ninth counterclaim for violation of federal Indian leasing statutes and regulation. (Dkt. No. 47.)

On June 19, 2026, Plaintiff filed his First Amended Complaint against Defendants for: (1) recognition and enforcement of tribal court judgment; (2) declaratory relief; (3) breach of lease; and (4) lease termination and recovery of possession. ("FAC," Dkt. No. 49.) The FAC alleges that "[t]his Court possesses independent subject matter jurisdiction over Plaintiff's first claim seeking recognition and enforcement of the tribal court eviction judgment under federal common law, which governs the evaluation and application of comity to tribal court decrees." (FAC at 2.) The FAC also alleges that "[t]his Court has supplemental jurisdiction over Plaintiff's alternative claims for breach of lease, declaratory relief, and lease termination and recovery of possession pursuant to 28 U.S.C. § 1367(a)." (Id.) "Plaintiff seeks recognition and

enforcement of the Tribal Court Judgment as his primary claim for relief. *The remaining claims are pleaded solely in the alternative and only if this Court determines that the Tribal Court Judgment is not entitled to recognition, enforcement, or preclusive effect.*" (FAC at 5 (emphasis added).)

On July 2, 2026, Defendants filed an answer to the FAC. ("Answer," Dkt. No. 50.)

On August 28, 2026, Plaintiff filed the instant Motion for a preliminary injunction requiring payment of delinquent taxes during Defendants' continued possession of the subject premises. (Motion.) On September 8, 2026, Defendants filed an opposition to the Motion. ("Opposition," Dkt. No. 54.) On September 23, 2026, the Court denied Plaintiff's ex parte application to file a late reply. (Dkt. No. 60.)

## II. LEGAL STANDARD

The party seeking an injunction bears the burden of demonstrating that he is entitled to such a remedy. United States v. Evans, 929 F.3d 1073, 1077 (9th Cir. 2019). For a district court to have the authority to grant requested injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). To prevail on a motion for preliminary injunction, then, the moving party must establish "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. There is sufficient nexus where the preliminary injunction grants "relief of the same character as that which may be granted finally." Id. (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). Otherwise, the district court lacks authority to grant the requested injunctive relief. Id.

## III. DISCUSSION

The Court finds that it lacks authority to issue the requested injunction because it is based on claims not pleaded in the complaint. Indeed, the character of the relief sought in Plaintiff's complaint is entirely different from that sought in Plaintiff's Motion.

The FAC seeks "recognition and enforcement of Tribal Court Judgment as [Plaintiff's] primary claim for relief." (FAC ¶ 15.) Plaintiff's other claims—declaratory relief regarding the parties' rights and duties, damages for breach of lease, and recovery of possession of the subject premises—"are pleaded solely in the alternative and only if this Court determines that the Tribal Court Judgment is not entitled to recognition, enforcement, or preclusive effect." (Id.) The issue before this Court in the instant action, then, is whether to recognize the Tribal Court's April 28, 2025 judgment regarding Business Lease No. PSL-360 ("PSL-360") and its subject premises located at 424 South Indian Canyon Drive, Palm Springs, California. (FAC ¶¶ 6, 12.) "As a general rule, federal courts must recognize and enforce tribal court judgments under principles of comity." FMC Corp. v. Shoshone-Bannock Tribes, 942 F.3d 916, 930 (9th Cir. 2019) (quoting AT&T Corp. v. Coeur d'Alene Tribe, 295 F.3d 899, 903 (9th Cir. 2002)). However, federal courts will not recognize and enforce a judgment if the tribal court "did not

have both personal and subject matter jurisdiction" or "denied due process to the losing party." Id.

In contrast, the Motion seeks "narrowly tailored interim protection against an existing tax delinquency capable of altering the property and possessory circumstances before the Court while Defendants remain in possession and the parties' respective rights are adjudicated." (Motion at iii.) The parties' possessory interests over the subject premises are unrelated to the Court's determination of whether to recognize and enforce the Tribal Court's judgment under principles of comity. Assuring continued possession of the subject premises by Defendants, through Defendants' payment of delinquent property taxes, might be of the same character as the relief Plaintiff seeks in his claims that are pleaded in the alternative (for example, his fourth claim for lease termination and recovery of possession). However, the Court does not consider Plaintiff's alternative claims before adjudicating the merits of his first claim for recognition of the Tribal Court's judgment. In other words, Plaintiff must first move for adjudication of his primary claim before the Court can grant relief based on his claims pleaded solely in the alternative.

The Court finds an insufficient nexus between paying delinquent property taxes to keep the subject premises from seizure and the claims before this Court seeking recognition of the Tribal Court judgment. Accordingly, the Court **DENIES** Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. (Dkt. No. 52.) The Court **VACATES** the September 28, 2026 hearing.

**IT IS SO ORDERED.**